UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAKHZOD ALISHER UGLI ERJIGITOV,<br><br>*Petitioner*,<br><br>– against –<br><br>TODD LYONS, *Acting Director of U.S. Immigration and Customs Enforcement*, MARCOS CHARLES, *Acting Executive Associate Director, Enforcement and Removal Operations*, *U.S. Immigration and Customs Enforcement*, ALEJANDRO N. MAYORKAS, *Secretary, U.S. Department of Homeland Security*, KRISTI NOEM, *Secretary of the Department of Homeland Security*, PAMELA BONDI, *United States Attorney General*, WARDEN, *Metropolitan Detention Center, Brooklyn, custodian of Petitioner*, WARDEN *of the Facility Where Petitioner is Currently Detained, in his or her official capacity as custodian of Petitioner*,<br><br>*Respondents*. | **SCHEDULING ORDER**<br>26-cv-00624 (NCM) |

**NATASHA C. MERLE**, United States District Judge:

WHEREAS, Petitioner Shakhzod Alisher Ugli Erjigitov, through counsel, states that he is and has been detained by respondents since January 21, 2026, and is currently in respondents' custody at Metropolitan Detention Center in Brooklyn, New York;

WHEREAS, Petitioner through counsel, filed a Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1, alleging that his detention violates his constitutional and statutory rights;

WHEREAS, Petitioner seeks an Order preserving this Court's jurisdiction. Pet. 9.

1

It is hereby:

**ORDERED**, that in order to preserve the Court's jurisdiction pending final disposition of the Petition, respondents are **ENJOINED** from moving petitioner to a location outside the Eastern District of New York, the Southern District of New York, or the District of New Jersey absent further order of this Court. *See, e.g.*, *Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, the All Writs Act[,] 28 U.S.C. § 1651[,] authorizes a federal court to protect that jurisdiction.");[1] *Garcia-Izquierdo v. Gartner*, No. 04-cv-07377, 2004 WL 2093515, at *2 (S.D.N.Y. Sep. 17, 2004) (observing that, under the All Writs Act, 28 U.S.C. § 1651, a district court "may order that a petitioner's deportation be stayed . . . when a stay is necessary to preserve the Court's jurisdiction of the case"); *Khalil v. Joyce*, No. 25-cv-01935, 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (barring the government from removing petitioner from the United States until the Court could address his claim); *Y.G.B. v. Almodovar*, No. 25-cv-06244 (E.D.N.Y. Nov. 19, 2025), ECF No. 12 at 2 (same); *cf. Michael v. I.N.S.*, 48 F.3d 657, 661–62 (2d Cir. 1995) (holding that the All Writs Act provides a federal court of appeals reviewing a final removal order with a basis to stay removal);

**ORDERED**, that respondents shall show cause, in writing, as to why the petition should not be granted, why petitioner should not be immediately released from detention, and otherwise respond to the factual and legal assertions in the Petition no later than **Tuesday, February 10, 2026**. In their response, respondents should also address

---

[1] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

whether the instant petition is controlled by this Court's prior opinions in *Y- C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025); and *Crespo Tacuri v. Genalo*, 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026). If so, the government may waive its rights to a response and submit a letter or otherwise consent to petitioner's release without prejudice to its rights on appeal;

**ORDERED**, that if respondents choose to submit a response, they are directed to file, under seal if necessary, any records, documents, or other information in petitioner's immigration file, as well as any underlying records relied upon in its submission not yet filed by petitioner, and records indicating whether any property was seized from petitioner at the time of arrest. Respondents must serve a copy of the response on petitioner, with proof of such service to the Clerk of this Court;

**ORDERED**, that if respondents choose to file a response, petitioner is directed to file his reply, if any, no later than **Friday, February 13, 2026, at 5:00 PM**;

**ORDERED**, that the parties shall appear for a hearing and oral argument on the petition on **Wednesday, February 18, 2026, at 11:00 AM** before the Hon. Natasha C. Merle in Courtroom 2F North of the Brooklyn Federal Courthouse;

**ORDERED**, that by **Friday, February 6, 2026**, petitioner shall serve respondents with a copy of the Petition, along with a copy of this Order, by overnight mail and promptly file proof of such service on the docket. Counsel for respondents shall promptly enter a notice of appearance.

The Clerk of the Court is respectfully directed to deliver a copy of this Order to the U.S. Attorney's Office at Richard.Hayes@usdoj.gov.

**SO ORDERED.**

                                           */s/ Natasha C. Merle*
                                           NATASHA C. MERLE
                                           United States District Judge

Dated:        February 5, 2026
                Brooklyn, New York