UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAKHZOD ALISHER UGLI ERJIGITOV,<br><br>*Petitioner*,<br><br>– against –<br><br>TODD LYONS, *Acting Director of U.S. Immigration and Customs Enforcement*, MARCOS CHARLES, *Acting Executive Associate Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement*, ALEJANDRO N. MAYORKAS, *Secretary, U.S. Department of Homeland Security*, KRISTI NOEM, *Secretary of the Department of Homeland Security*, PAMELA BONDI, *United States Attorney General*, WARDEN, *Metropolitan Detention Center, Brooklyn, custodian of Petitioner*, WARDEN *of the Facility Where Petitioner is Currently Detained, in his or her official capacity as custodian of Petitioner*,<br><br>*Respondents.* | **MEMORANDUM & ORDER**<br>26-cv-00624 (NCM) |

**NATASHA C. MERLE**, United States District Judge:

On January 21, 2026, petitioner Shakhzod Alisher Ugli Erjigitov was arrested at 26 Federal Plaza in New York, NY after his Order of Release was canceled. Pet. for Writ of Habeas Corpus ("Petition") ¶ 11, ECF No. 1; Respondents Brief to Order to Show Cause ("Response") 1, ECF. No. 6. Petitioner was subsequently transferred to the custody of U.S. Immigration and Customs Enforcement ("ICE") and has been detained by respondents at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. Pet. ¶¶ 12–13. He has not been provided with a bond hearing. Pet. ¶ 24. He now petitions the Court for a writ of

1

habeas corpus under 28 U.S.C. § 2241. Pet. ¶ 15. For the reasons discussed below, the Petition is **GRANTED**.

## BACKGROUND

Petitioner is a citizen of Uzbekistan who entered the United States on or about December 31, 2023. Pet. ¶¶ 1, 9. Respondents assert petitioner was deemed inadmissible pursuant to the Immigration and Naturalization Act ("INA") § 212(a)(6)(A)(i) and was released on his own recognizance. Resp. 1. Petitioner asserts that upon timely filing for asylum he was released. Pet. ¶ 10. Petitioner has continuously and openly resided in New York. Pet. ¶ 10.

Petitioner dutifully appeared for a routine ICE check-in at 26 Federal Plaza in New York, NY on January 21, 2026 when he was arrested. Pet. ¶ 11. Petitioner was subsequently detained and is currently being held by ICE at the MDC. Pet. ¶¶ 12–13.

On February 4, 2026, petitioner initiated the instant action by filing for a writ of habeas corpus from this Court under 28 U.S.C. § 2241. Pet. 9–10.[1] The same day, the Court issued an order preserving the Court's jurisdiction, and directing respondents to show cause why the relief sought in the writ should not be granted and to address whether the instant petition is controlled by the Court's prior opinions in *Y- C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025); and *Crespo Tacuri v. Genalo*, 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026). Scheduling Order 2–3, ECF No. 4. The government filed a response on February 10, 2026, which discussed a prior decision of the Court granting a writ of habeas corpus under similar factual circumstances: *Crespo Tacuri*.

---

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

*See* Resp. 2–3. Respondents state that while they "respectfully disagree with the Court's decision in *Crespo Tacuri*, they acknowledge that the decision would control the result in this case . . . as the facts of this case are materially indistinguishable." Resp. 3.[2]

Although petitioner has not yet filed a reply, "[t]he Court issues the instant Order before [p]etitioner's deadline to file a reply in light of its obligation to 'determine the facts, and dispose' of habeas petitions expeditiously, 'as law and justice require.'" *Ccorihuaman v. Genalo*, No. 26-cv-00554, 2026 WL 328983, at *1 (E.D.N.Y. Feb. 6, 2026) (quoting 28 U.S.C. § 2243).

## LEGAL STANDARD

Section 2241 authorizes federal district courts "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). Under Section 2241, "[f]ederal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention." *Rodriguez-Acurio v. Almodovar*, No. 25-cv-06065, 2025 WL 3314420, at *8 (E.D.N.Y. Nov. 28, 2025) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020)).

## DISCUSSION

Petitioner contends that he is being detained in violation of the INA and the Due Process Clause of the Fifth Amendment, among other arguments. Pet. ¶¶ 18–33. The government's response does not meaningfully dispute these assertions aside from stating that "to conserve judicial resources and to expedite the Court's consideration of this case, . . . [r]espondents hereby rely upon, and incorporate by reference, the legal arguments

---

[2]  Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

3

presented by the [g]overnment in *Crespo Tacuri*." Resp. 3.[3] Accordingly, for the reasons stated by this Court in *Crespo Tacuri*, which the Court incorporates here by reference, the Court concludes that petitioner is being unlawfully detained pursuant to Section 1226 and in violation of his rights to due process under the Fifth Amendment. *See Y-C-*, 2025 WL 3653496, at *7; *Crespo Tacuri*, 2026 WL 35569, *7; *see also Ccorihuaman*, 2026 WL 328983, at *2. "Habeas is at its core a remedy for unlawful executive detention" and "[t]he typical remedy for such detention is, of course, release." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Court therefore deems petitioner entitled to immediate release.

## CONCLUSION

For the foregoing reasons, the Court holds that petitioner's detention violates the INA and the Due Process Clause. The petition for a writ of habeas corpus is therefore **GRANTED**.

Respondents are directed to release the petitioner from custody within 24 hours of this Order and file a letter on the docket no later than 5:00 p.m. on February 12, 2026 certifying their compliance. The Court further orders that petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a). For the avoidance of doubt, the

---

[3] For this reason, and for the avoidance of doubt, the Court does not address any legal or factual argument that respondents do not raise here or did not raise in their briefing in *Crespo Tacuri*. *See Catania v. United Fed'n of Tchrs.*, No. 21-cv-01257, 2023 WL 1962533, at *3 (S.D.N.Y. Feb. 13, 2023) ("Courts generally do not decide issues not raised by the parties." (quoting *Cone v. Bell*, 556 U.S. 449, 482 (2009) (Alito, J., concurring))); *see also Russell v. Bd. of Plumbing Exam'rs*, 1 F. App'x 38, 41 (2d Cir. 2001) (summary order) ("We are, however, troubled by the district court reaching an issue neither pressed nor briefed before it, and urge against such a practice in the future.").

Court concludes that petitioner "is entitled to release from the unlawful restrictions on his liberty—which means, in the circumstances here, restoration of . . . the status quo ante." *Khabazha v. ICE*, No. 25-cv-05279, 2025 WL 3281514, at *8 (S.D.N.Y. Nov. 25, 2025) (ordering government to release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"); *see also Ccorihuaman*, 2026 WL 328983, at *2. This Order includes "an injunction barring deprivation of any of . . . [p]etitioner's rights without the requisite procedural protections." *Khabazha*, 2025 WL 3281514, at *8; *see also Ccorihuaman*, 2026 WL 328983, at *2.

Petitioner's February 13, 2026 deadline to file a reply and the hearing scheduled for February 18, 2026, are hereby adjourned.

Should the petitioner seek an award of reasonable fees and costs under the Equal Access to Justice Act, he may file a letter application on the docket within thirty days of this Order. The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

**SO ORDERED.**

    /s/ Natasha C. Merle
NATASHA C. MERLE
United States District Judge

Dated: February 11, 2026
Brooklyn, New York